## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No.: 3:10CR170-15–HEH |
| | ) Civil Action No.: 3:13CV479–HEH |
| HARRY RHYNE MCCALL, | ) |
| | ) |
| Petitioner. | ) |

### MEMORANDUM OPINION
**(Motion to Vacate, Set Aside, or Correct Sentence Pursuant to
28 U.S.C. § 2255 and Motion to Amend or Supplement)**

The Petitioner, Harry Rhyne McCall ("McCall"), presently a federal inmate, was

convicted by a jury of this Court on December 21, 2010, of Conspiracy to Violate the

Racketeer Influenced and Corrupt Organizations Act ("RICO"), in violation of 18 U.S.C.

§ 1962(d) (Count One); Conspiracy to Commit Violence in Aid of Racketeering, in

violation of 18 U.S.C. § 1959(a)(6) (Count Two); Violence in Aid of Racketeering, in

violation of 18 U.S.C. §§ 1959 and 2 (Count Three); and Possession of a Firearm in

Furtherance of an Act of Violence, in violation of 18 U.S.C. §§ 924(c) and 2 (Count

Four).

On April 8, 2011, McCall was sentenced to 97 months of imprisonment on Count

One, 36 months on Count Two, to be served concurrently, 97 months on Count Three, to

be served concurrently, and 60 months on Count Four, to be served consecutively. His

convictions were affirmed by the United States Court of Appeals for the Fourth Circuit

on August 2, 2012. *Werth v. United States*, 493 F. App'x 361, 364 (4th Cir. 2012). The

case is presently before the Court on McCall's Motion to Vacate, Set Aside or Correct his

Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 1027) which he has timely filed *pro se*. Both McCall and the United States have filed memoranda supporting their respective positions.

Although McCall styles his claims as demonstrative of ineffective assistance of trial counsel, the overarching theme of his motion is overzealous prosecutorial tactics and outrageous governmental conduct. In his view, the defense should have focused primarily on the government's decision to prosecute members of the Outlaw Motorcycle Organization ("Outlaws") and the strategy used by the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") to infiltrate the organization. The tenor of his grievance is well captured by his comment, "the tactics with which federal authorities pursued McCall, suggest that the prosecution and Alcohol Tobacco and Firearms, . . . agents over zealousness, led authorities to cross critical Constitutional lines, in turn, raising serious concerns that McCall's trial were or could have been fair and a reliable test of the government[']s accusations." (McCall's Mem. Support Mot. Vacate 2, ECF No. 1028.) As this preface to McCall's memorandum suggests, his claim of ineffective assistance of counsel is premised on his belief that trial counsel should have more aggressively challenged the government's conduct. Given the strength of the government's case, his suggested diversionary tactics would have had little likelihood of success.

The standard for review of petitions filed under 28 U.S.C. § 2255 is well established. To demonstrate ineffective assistance of counsel, a defendant must show first that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687

2

(1984).   To satisfy the deficiency-performance prong of *Strickland*, the defendant must overcome the "strong presumption" that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697. To prevail, Petitioner must demonstrate a "reasonable probability of a different outcome." *Lenz v. Washington*, 444 F.3d 295, 303 (4th Cir. 2006) (internal citations and quotation marks omitted).

McCall's claim of ineffective assistance of counsel, as delineated in his supporting memorandum, appears to have eight distinct, but partially related, facets:

> (1) McCall[']s counsel was ineffective for failure to object to McCall's sentence which is unconstitutional because the jury's findings of racketeering activity does not support activity which carries the greatest offense levels under the USSG § 2E1.1(a)(2) (2007). Appellate counsel was ineffective for failure to raise this issue on direct appeal;
>
> (2) The district court did err in applying a two point level increase under USSG section 3B1.1(b) and appellate counsel was ineffective for failing to challenge this err[or] on direct appeal;
>
> (3) Counsel failed to object at sentencing and raise on direct appeal the inappropriate application of USSG § 2B3.2 in lieu of another section § 2B1.3;

3

(4) Counsel was ineffective for failing to move to dismiss the charges based upon outrageous conduct orchestrated by the government's . . . ATF agents as a matter of fundamental fairness and due process . . . because [there] was no criminal activity until the ATF agents created it;

(5) Trial counsel was ineffective for failing to request an entrapment defense jury instruction for McCall;

(6) Counsel was ineffective for failing to object to the jury instructions which are overbroad and inconsistent with Supreme Court precedent in *Bailey v. United States*, [516] U.S. [137], 116 S. Ct. 501 (1995). McCall is actually, factually and legally innocent of the 924(c)(1) conviction(s);

(7) Appellate counsel was ineffective for failing to file a petition for writ of certiorari to the United States Supreme Court after McCall requested appellate counsel to do so; and

(8) Trial counsel was ineffective for failure to investigate and uncover potential material evidence and documents which would directly impeach ATF agents and demonstrate illegal illicit activity in which undercover agents Grabman and Ozbolt were involved.

(McCall's Mot. Vacate 7–8.)

McCall's contention that his counsel failed to object to the calculation of his guidelines for the racketeering related offenses is based on a misunderstanding of the record. In finding McCall guilty of Count One, conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, the jury specifically found, beyond a reasonable doubt, that he was guilty of multiple acts of interstate travel in aid of racketeering, extortion, distribution of controlled substances, maintaining a drug premises, and illegal gambling. McCall maintains that his offense level on Count One was determined according to the offense level for murder and attempted murder (U.S.S.G. § 2A2.2). McCall's contention is incorrect. His guidelines on the racketeering

4

offenses were premised on the specific predicate acts found by the jury beyond a reasonable doubt, namely, extortion, interstate travel in aid of racketeering, illegal gambling, and distribution of controlled substances. There is no factual basis in the record to support this claim.

Next, McCall maintains that his appellate counsel was ineffective for failing to challenge on direct appeal the trial court's "inappropriate application of a 'leadership role' under U.S.S.G. [] § 3B1.1(b)." (McCall's Mem. Support 8.) McCall argues that there was no evidence supporting the district court's determination that he was an organizer or leader of the conspiracy. (*Id.*) McCall's trial counsel objected at his sentencing hearing to a guideline enhancement under § 3B1.1(b) for his leadership role. This Court overruled the objection and upheld the probation officer's application of the enhancement. Since this issue was litigated in the trial court, it is typically not reviewable under § 2255, absent newly discovered evidence, or a favorable change in the governing substantive law. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976); *see also Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). McCall has shown neither. Even if subject to review, the evidence at trial amply supported an enhancement under § 3B1.1(b). The Outlaws organization unquestionably involved more than five participants. McCall was the Cooper Region vice president from October 2008 until June 2009. He participated in regional leadership meetings, assisted in managing the Lexington, North Carolina clubhouse, was present during planning sessions for confrontations with rival motorcycle gangs, and gave direction to other members of his chapter. His activities fall squarely within § 3B1.1(b).

As his third ground for relief under § 2255, "McCall avers that Defense counsel and Appellate counsel [were] ineffective for failure to raise at sentencing and on direct appeal the inappropriate application of a two point enhancement under U.S.S.G. Section 2B3.2 in lieu of U.S.S.G. Section[s] 2B1.3 and 2x5.1." (McCall's Mem. Support 11.)  It would appear that this claim is directed toward a two level enhancement to his guidelines under U.S.S.G. § 2B3.2(b)(4)(A). This subsection provides for enhancements for specific offense characteristics in cases involving extortion by force or threat of injury. Section 2B3.2(b)(4)(A) allows for a two level increase if any victim sustained a bodily injury. This argument was addressed by the trial court at McCall's sentencing hearing. Because McCall fails to demonstrate the discovery of new evidence bearing on this claim, or that there has been a substantive change in the law, it is not cognizable under § 2255.[1]

Shifting his attention to another alleged trial error by counsel, McCall contends that his attorney failed to move for dismissal based on outrageous governmental conduct. This claim is based on two acts by undercover ATF special agents. First, McCall highlights the fact that agents leased the premises for an Outlaws clubhouse in Petersburg, Virginia. Secondly, the agents participated in a confrontation with a rival

---

[1] At McCall's sentencing hearing, the Court concluded that McCall, as a member of the conspiracy, was fully aware that a violent confrontation was reasonably foreseeable when the Outlaws confronted a member of the Desperado's motorcycle gang at the Cockade's Bar in Petersburg, Virginia, on March 14, 2009. The Court further found at that time that McCall was present during the planning sessions for the confrontation, that the plan involved the use of force to remove rival biker gangs from the Petersburg area, that McCall was armed with a firearm, and knew that two other members of the Outlaws were as well. The evidence at trial revealed that a member of the Outlaws, without provocation, struck a member of the Desperado's, who in turn attempted to assault a special agent of ATF. On those facts, the Court upheld the probation officer's assessment of a two level enhancement under § 2B3.2(b)(4)(A).

motorcycle gang at the Cockade's Bar in Petersburg on March 14, 2009. In its response, the government points out that the evidence at trial revealed that the Outlaws organization required the agents to agree to develop a clubhouse in Petersburg as a prerequisite to gang membership. (Gov't's Resp. 10, ECF No. 1080.) Furthermore, the government notes that the regional vice president of the Outlaws directed an ATF special agent to locate and report rival motorcycle clubs in Petersburg. (*Id.*)

Cases in which the Due Process Clause has been successfully invoked to dismiss indictments on the basis of outrageous governmental conduct are sparse and distinguishable. Its genesis can be traced to dicta in *United States v. Russell*, 411 U.S. 423 (1973). After rejecting the defendant's claim to an entrapment defense, the Supreme Court observed that "[w]hile we may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction, . . . . the instant case is distinctly not of that breed." *Id.* at 431–32. The vitality of the outrageous conduct defense was further circumscribed in *Hampton v. United States*, 425 U.S. 484 (1976). In *Hampton*, the court noted that the defense "is not intended to give the federal judiciary a chancellor's foot veto over law enforcement practices of which it did not approve." *Id.* at 490 (internal quotation marks omitted).

As the Fourth Circuit concluded in *United States v. Hasan*, "[a]fter Hampton, the 'outrageous conduct' doctrine survives in theory, but is highly circumscribed." 718 F.3d 338, 343 (4th Cir. 2013). The court in *Hasan* also concluded that "this court has never held in a specific case that the government has violated the defendant's due process rights

through outrageous conduct." *Id.* While the door remains ajar that a case may arise in which the government's participation in the crime may be so outrageous as to warrant dismissal on due process grounds, the immediate case falls far short of the mark.

The same reasoning forecloses McCall's fifth claim that his attorney failed to request an entrapment instruction. Not only was an entrapment instruction denied by the court during trial, but the evidence failed to disclose that governmental activity induced an innocent person to commit the alleged offense. *See United States v. Hackley,* 662 F.3d 671, 681–82 (4th Cir. 2011), *cert. denied,* 132 S. Ct. 1936 (2012). There was no evidence presented at trial to indicate that the government's alleged conduct was sufficiently egregious to implant a criminal design in the mind of an otherwise innocent party. *United States v. Sligh,* 142 F.3d 761, 763 (4th Cir. 1998).

McCall also questions the judgment of his trial counsel in not objecting to the jury instruction explaining the elements which must be proven to convict on Count Four. Count Four charged McCall with possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2. The Court instructed the jury that in order to convict on Count Four,

> The government must prove that the defendant's possession of the firearm was "in furtherance" of a crime of violence. The term "crime of violence" refers to the assault with a dangerous weapon charged in Count 3 of the indictment. To establish that the possession of the firearm was in furtherance of the offense in Count 3, it is not necessary for the government to prove that the defendant actively employed the firearm. Rather, the government may meet its burden if it proves that the firearm was used to advance or help the defendant in some way in his assault with a dangerous weapon.

(Gov't's Resp., Ex. 1, Tr. Trans. 51:13–24.)

8

Mistakenly relying on *Bailey*, McCall argues that his counsel should have objected to the above recited language because it did not require proof that he actually used a firearm in a commission of a crime of violence—in other words, that it was actively employed. McCall was not charged with an offense under the language addressed by the Supreme Court in *Bailey*. McCall was indicted under language later added to 18 U.S.C. § 924(c)(1)(A), which proscribed the use or carrying of a firearm, "in furtherance of any [crime of violence described in the statute]." *Id.* Since the jury instruction at issue tracked the amended language of 18 U.S.C. § 924(c)(1)(A), trial counsel cannot be faulted for not raising a frivolous objection.

In his petition, McCall concedes that he "was sent a form of some type for certiorari review sent by his Appellate counsel and he filled it out and mailed it back to the appellate attorney." (McCall Mem. Support 25.) Following the affirmance of McCall's convictions by the Fourth Circuit on August 2, 2012, his attorney, Charles D. Lewis ("Lewis"), notified McCall on August 6, 2012 that his appeal had been denied. In that same correspondence, Lewis advised McCall of his right to request *en banc* review by the full Fourth Circuit, and alternatively, his right to file a petition for writ of certiorari with the Supreme Court. In the same communication, Lewis informed McCall that, in his opinion, any further appeal of his conviction would be frivolous. Lewis closed by moving the court for leave to withdraw as counsel in McCall's case. (Gov't Resp., Ex. 2.) Lewis also conveyed to McCall a United States Court of Appeals for the Fourth Circuit certiorari status form. The form, which was served on McCall on September 11, 2012, provided the recipient with detailed instructions on filing a petition for writ of

9

certiorari with the Supreme Court. Approximately one year later, McCall filed the immediate petition for relief under 28 U.S.C. § 2255. In its response, the government correctly notes that McCall had no constitutional right to the assistance of counsel in filing a petition for writ of certiorari. *Ross v. Moffitt*, 417 U.S. 600, 616–18 (1974). McCall's counsel made a reasonable decision not to further pursue an unmeritorious appeal. After Lewis withdrew from the case, McCall could have pursued a writ of certiorari on his own, but he did not do so. Moreover, no request to the Fourth Circuit was made to appoint counsel to represent him in a petition for *en banc* review of his convictions. Any further request by McCall for relief to pursue a direct appeal of his convictions is untimely.

McCall's last claim of ineffective assistance of counsel merits minimal discussion. He contends that "counsel was ineffective for failure to investigate and uncover potential material evidence and documents which would directly impeach ATF agents and demonstrate illegal illicit activity in which undercover agents Grabman and Ozbolt were involved." (McCall Mot. Vacate 8.) He asserts that such unidentified material would have bolstered a motion for dismissal of the charges based upon outrageous governmental conduct and would demonstrate illegal conduct by ATF agents. McCall neither identifies any specific documents nor how they would affect the outcome of his case. In order to prevail under § 2255, McCall must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. McCall has failed to meet that burden.[2]

Viewing the record as a whole, McCall fails to demonstrate that his trial counsel's representation fell below an objective standard of reasonableness. McCall's perception of ineffectiveness flows from his misunderstanding of the law and misconstruction of the evidence. Decisions pertaining to "trial strategy and tactics, such as what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed" reside with trial counsel. *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) (internal quotation marks and citation omitted); *see also United States v. Chapman*, 593 F.3d 365, 368 (4th Cir. 2010).

On July 25, 2014, McCall moved to amend or supplement his § 2255 Motion to raise claims challenging: the verdict form; "Jury Instruction at #40 regarding the *Pinkerton* doctrine" (Mot. Amend 1, 6, ECF No. 1086); "Jury Instruction #25 because it removes the 'Racketeering' element" (*id.*); and permitting the use of the concept of aiding and abetting with respect to convictions under 18 U.S.C. § 924(c). "Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317

---

[2] In his memorandum of law in support of his § 2255 motion, McCall states that "[d]uring the course of the trial's proceedings the Government, mysteriously, on their own motion, submitted evidence which, if trial counsel was diligent, would have demonstrated illegal, illicit and wrong doing by ATF government Agents, Grabman and Ozbolt." (McCall Mem. Support 26.) The materials referred to are parts of the personnel records of Grabman and Ozbolt dealing with unrelated conduct. The only personnel action arguably reflecting on the credibility of an agent was presented at trial and considered by the jury. Aside from traffic infractions, the other incidents revealed by the government involved alleged violations of agency regulations and policies.

(4th Cir. 2000) (citations omitted).  The Court appropriately denies as futile leave to amend, when, as here, the statute of limitations bars the new claims.

McCall's conviction became final October 31, 2012, the last day to file a petition for a writ of certiorari with the Supreme Court.  28 U.S.C. § 2255(f)(1).  McCall then had one year, or until Thursday, October 31, 2013 to file his claims for relief under 28 U.S.C. § 2255.

Although McCall filed his original § 2255 Motion in a timely fashion, he failed to file his Motion to Amend until July of 2014, well after the statute of limitations had expired.  Thus, the statute of limitations bars McCall's proposed amended claims unless McCall demonstrates:  entitlement to a belated commencement of the limitations period under 28 U.S.C. § 2255(f)(2)–(4); entitlement to equitable tolling, *see United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)); or, that the new claims relate back to the claims in the original § 2255 Motion, *see Pittman*, 209 F.3d at 317.  McCall fails to demonstrate that any of the above provisions or doctrines render his proposed claims timely.  Accordingly, the Motion to Amend will be denied as futile.

Despite a broad array of challenges to the wisdom and judgment of his counsel, McCall has not demonstrated that counsel's performance was inadequate, ineffective, or prejudicial.  McCall's Motion to Vacate, Set Aside or Correct his Sentence Pursuant to 28 U.S.C. § 2255 will therefore be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B).  A COA

will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). McCall has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: *August 29, 2014*
Richmond, VA

13