IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA, )
)
v. ) Criminal Action No. 3:10CR170–HEH
)
HARRY RHYNE McCALL, )
)
Defendant. )

## MEMORANDUM OPINION
(Granting § 2255 Motion)

Harry Rhyne McCall, a federal inmate proceeding with counsel filed this successive 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 1166) arguing that his firearm conviction is invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] The Government initially filed a Motion to Dismiss the § 2255 Motion contending that it is barred by the relevant statute of limitations. (ECF No. 1170.) Thereafter, the Court ordered further briefing. In its most recent Supplemental Memorandum, the Government contends that McCall's claim lacks merit. (ECF No. 1191.) For the reasons discussed below, the § 2255 Motion will be granted.

### I. PERTINENT PROCEDURAL HISTORY

As relevant here, a jury found McCall guilty of: one count of conspiracy to violate R.I.C.O., in violation of 18 U.S.C. § 1962(d) (Count One);[2] conspiracy to commit

---

[1] McCall filed his § 2255 Motion *pro se*, however, the Court later appointed counsel to represent him.

[2] The jury found that McCall engaged in acts of illegal racketeering including extortion, interstate travel in aid of racketeering, illegal gambling, distribution of controlled substances, and maintaining a drug-involved premise. (Jury Verdict 6, ECF No. 711.)

violence in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6) (Count Two); violence in aid of racketeering, and aiding and abetting ("VICAR"), in violation of 18 U.S.C. § 1959(a)(3) and 2 (Count Three); and, possession of firearms in furtherance of a crime of violence, and aiding and abetting, in violation of 18 U.S.C. § 924(c) and 2, to wit, violence in the aid of racketeering as charged in Count Three (Count Four). (ECF No. 711, at 5–6; see ECF No. 385, at 1–44.)[3] At issue here are solely Counts Three and Four.

On April 9, 2011, the Court sentenced McCall to 97 months each on Counts One and Three to be served concurrently, 36 months on Count Two to be served concurrently, and 60 months on Count Four to be served consecutively. (J. 2, ECF No. 826.) By Memorandum Opinion and Order entered on August 29, 2014, the Court denied McCall's first 28 U.S.C. § 2255 motion. (ECF Nos. 1091, 1092.)

On June 17, 2016, the Fourth Circuit granted McCall permission to file a successive § 2255 motion. (ECF No. 1165.) Thereafter, on June 30, 2016, McCall filed his § 2255 Motion.

## II. ANALYSIS

### A. *Johnson* and Progeny

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the

---

[3] The Court drops the reference to "aiding and abetting" from later descriptions of Counts Three and Four because one who aids and abets the commission of an offense "is punishable as principal." 18 U.S.C. § 2(a).

2

Constitution's guarantee of due process." 135 S. Ct. at 2563. The *Johnson* Court concluded that the way the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 2557–58 (citation omitted). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 1268.

In his § 2255 Motion, McCall asserts that after *Johnson*, committing violence in aid of racketeering can no longer qualify as crime of violence under 18 U.S.C. § 924(c)(3), and thus, his conviction for Count Four must be vacated. Although McCall was not sentenced pursuant to ACCA, he asserts that the residual clause of § 924(c) is materially indistinguishable from the ACCA residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as unconstitutionally vague.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

3

At the time of McCall's convictions, the United States could demonstrate that an underlying offense constituted a crime of violence if it established that the offense is a felony and satisfies one of two requirements. Namely, the statute defined a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). The Supreme Court recently invalidated the Residual Clause. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague").

McCall contends that the VICAR offense in Count Three no longer qualifies as a predicate violent felony because the Residual Clause has been invalidated and the VICAR offense fails to satisfy the Force Clause. The Government disagrees, and argues that McCall's:

> conviction was predicated on a conviction for a violent crime in aid of racketeering (VICAR), in violation of 18 U.S.C. § 1959(a). More specifically, Count Four of the superseding indictment expressly incorporated Count Three as the predicate crime of violence. Count Three, in turn, charged [McCall] with assault with a dangerous weapon in aid of racketeering, and aiding and abetting the same, in violation of 18 U.S.C. § 1959(a)(3) and 2, as well as Va. Code §§ 18.2–22, 18.2–51, and 18.2–282. Because Count Three is a valid predicate crime of violence under 18 U.S.C. § 924(c)(3)(A) sufficient to support Count Four, the defendant is not entitled to relief.

(Supp'l Mem. 5.) The Court is constrained to disagree. As discussed below, although Count Three charged a substantive, federal VICAR offense, that conduct was based upon a conspiracy to commit certain Virginia state offenses.

### B. Categorical and Modified Categorical Approach

To determine whether a crime requires the use, attempted use, or threatened use of violence force, courts generally apply the categorical approach. *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). This approach involves two steps. First, the Court must "distill a 'generic definition' of the predicate offense." *United States v. Norman*, --- F.3d ----, No. 18-4214, 2019 WL 3819314, at *3 (4th Cir. Aug. 15, 2019) (citation omitted). Second, the Court must "determine whether the conviction at issue constitutes a conviction of that generic offense." *Id.* (citation omitted). Under this approach, the court must "analyze only the elements of the offense in question, rather than the specific means by which the defendant committed the crime." *United States v. Evans*, 848 F.3d 242, 246 (4th Cir) (citation omitted), *cert. denied*, 137 S. Ct. 2253 (2017). In other words, "[a] court assesses whether a crime qualifies as a violent felony in terms of how the law defines the offense and not in terms of how an individual might have committed it on a particular occasion." *Johnson*, 135 S. Ct. at 2557 (internal quotation marks omitted) (citation omitted). "When a statute defines an offense in a way that allows for both violent and nonviolent means of commission, that offense is not 'categorically' a crime of violence under the force clause." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019).

The categorical approach applies where the predicate statute is indivisible, or where the statute "does not set out elements of the offense in the alternative, but which may nevertheless broadly criminalize qualitatively different categories of conduct." *United States v. Royal*, 731 F.3d 333, 340 (8th Cir. 2013). In a "narrow range of cases, involving statutes that are comprised of multiple, alternative versions of the crime, we apply the modified categorical approach." *United States v. Mathis*, 932 F.3d 242, 264 (4th Cir. 2019) (citations omitted) (internal quotation marks omitted). For these divisible statutes, the Court "review[s] certain underlying documents, including the indictment, to determine what crime, with what elements, formed the basis of a defendant's conviction." *Id.* (citations omitted) (internal quotation marks omitted).

### C. The VICAR Statute Generally

VICAR punishes certain violent acts committed by a defendant

> for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires to do so . . . .

18 U.S.C. § 1959(a). To establish a defendant's guilt under VICAR, the Government must prove: "(1) that the organization was a RICO enterprise, (2) that the enterprise was engaged in racketeering activity as defined in RICO; (3) that the defendant in question had a position in the enterprise, (4) that the defendant committed the alleged [violent crime], and (5) that his general purpose in so doing was to maintain or increase his

6

position in the enterprise." *United States v. Fiel*, 35 F.3d 997, 1003 (4th Cir. 1994) (citation omitted). McCall's claim turns solely on the fourth element.

A VICAR offense may be predicated on specifically enumerated offenses in violation of state or federal law. *See* 18 U.S.C. § 1959. The VICAR statute is comprised of separately defined crimes and is a divisible statute; thus, the modified categorical approach applies in deterring whether the VICAR conviction is a crime of violence under § 924(c)(3)(A). *See Jones*, No. 7:16–cr–30026, 2017 WL 3725632, at *4 (W.D. Va. Aug. 29, 2017); *United States v. Cousins*, 198 F. Supp. 3d 621, 626 (E.D. Va. 2016). Under the modified categorical approach, the Court looks at the charging documents, here the Superseding Indictment and jury instructions, to determine whether McCall was convicted of assault with a dangerous weapon resulting in serious bodily injury in the aid of racketeering activity, under § 1959(a)(3), by committing malicious or unlawful wounding, pursuant to Va. Code Ann § 18.2–51, brandishing a firearm, in violation of Va. Code Ann. § 18.2–282, and violating the Virginia conspiracy statute, Va. Code Ann. § 18.2–22. Although the Court applies the modified categorical approach, it cannot look at McCall's actual conduct. *See Mathis*, 136 S. Ct. at 2249. "Rather, the Court applies a categorical analysis to determine whether federal § 1959(a) VICAR assault with a dangerous weapon . . . as explained to the jury in the Court's instructions of law, has an element, the use, attempted use, or threatened use of violent force." *United States v. Simmons*, No. 2:16cr130, 2018 WL 6012368, at *5 (E.D. Va. Nov. 16, 2018).[4]

---

[4] McCall argues that in addition to § 1959(a)(3) and the Virginia offenses, Count Three also re-alleges and incorporates by reference Counts One and Two, the RICO conspiracy counts.

7

## D. The Court Must Look at the State Offenses

The Court's task here is to determine whether committing VICAR by assault with a dangerous weapon matches element for element with the generic, federal definition of that crime. *See Cousins*, 198 F. Supp. 3d at 626. The Government argues that the Court should only compare the federal offense of assault with a dangerous weapon to the generic common law definition of the offense, rather than also comparing the three Virginia statutes to the generic definition. (Supp'l Mem. 5.) Federal district courts in Virginia have split on whether to examine only the VICAR offense of assault with a dangerous weapon or to examine the specific elements of the state statutes in their "crime of violence" inquiry. *United States v. Jones*, No. 7:16–cr–30026, 2017 WL 3725632, at *4 (W.D. Va. Aug. 29, 2017) (concluding generic definition of assault with dangerous weapon applies in determining whether the VICAR count is crime of violence); *Cousins*, 198 F. Supp. 3d at 625–26 (using common law definition of assault with a dangerous weapon). *But see Simmons*, 2018 WL 6012368, at *5 (looking through § 1959 to Virginia offenses); *United States v. Le*, 316 F. Supp. 2d 355, 362 (E.D. Va. 2004) (explaining that "the proper comparison is between the elements of the state statute and the elements of the violent crime, as it is generically defined"). The Fourth Circuit has clearly looked beyond the elements of the enumerated federal VICAR offense to the state

---

McCall contends that, because Count Three alleges substantive violations and RICO conspiracy, it is unclear under which crime of violence his conviction for Count Four was predicated, and the Court must assume it was predicated on "the least serious of the three offenses—which is RICO conspiracy," which he alleges is no longer a valid violent felony under the reasoning of *Simms*. (Reply 6–7.) The Court is not persuaded by this argument as Count Four was predicated on VICAR alleged in Count Three and contained no reference to Count One.

8

offenses in its recent decision regarding VICAR convictions and § 924(c). *See Mathis*, 932 F.3d at 264 (looking through § 1959 to Virginia offenses and comparing with generic definition). Moreover, as discussed below, the jury in this case was specifically instructed to base its verdict with respect to Count Three on the elements of Virginia offenses that the Court read aloud, not on a generic federal definition of assault with a dangerous weapon. *See Simmons*, 2018 WL 6012368, at *6 (alteration in original) (citing *Mathis*, 136 S. Ct. at 2248 for the proposition that "'[e]lements are the 'constituent parts' of a crime's legal definition").

Although, the Court looks through to the Virginia offenses, it need not engage in an extensive comparison of the elements of the Virginia offenses to determine whether, categorically, they are sufficiently similar to the generic definition of assault with a dangerous weapon. This is because the Superseding Indictment also charged McCall with conspiring to commit these Virginia predicate offenses. Under current Fourth Circuit law, a conspiracy offense may no longer serve as a valid predicate for a § 924(c) conviction. *See United States v. Simms*, 914 F.3d 229 (4th Cir. 2019).

### E. Examining the State Offenses

The Superseding Indictment identified the VICAR predicates as malicious or unlawful wounding, pursuant to Va. Code Ann § 18.2–51, and, brandishing a firearm, in violation of Va. Code Ann. § 18.2–282, and conspiracy, in violation of § 18.2–22.[5] As

---

[5] Neither party addresses whether the Virginia statutes at issue here are divisible or indivisible and whether the categorical approach or modified categorical approach apply. In the context of determining whether a person is a career offender or is an armed career criminal, courts have determined that Va. Code Ann. § 18.2–51 and § 18.2–282 are indivisible and therefore used the

9

discussed below, the substantive offense of malicious and unlawful wounding is a valid predicate, and brandishing may be a valid predicate. However, these offenses were clearly charged as substantive offenses and as conspiracy offenses and that is where the Government's argument falters.

McCall does not address whether Va. Code Ann. § 18.2–51 is a valid predicate offense for § 924(c). Several district courts and the Fourth Circuit have found that malicious or unlawful wounding under Va. Code Ann. § 18.2–51, is categorically a crime of violence. *See Jenkins*, 719 F. App'x at 244–46 (finding § 18.2–51 qualifies as a violent felony under the Force Clause of ACCA); *United States v. James*, 718 F. App'x 201, 204 (4th Cir. 2018) (finding § 18.2–51 is categorically a crime of violence under the Force Clause of the sentencing guidelines); *United States v. Autrey*, 263 F. Supp. 3d 582, 592–95 (E. D. Va. 2017) (finding Virginia malicious or unlawful wounding is categorically a crime of violence under the Force Clause of the career offender sentencing guidelines). The Court agrees that Va. Code Ann. § 18.2–51 requires the use, attempted use, or threatened use of force, it qualifies as a valid predicate violent felony under the Force Clause of § 924(c).

The Superseding Indictment also cited brandishing a firearm under Va. Code Ann § 18.2–282 as a VICAR predicate. McCall argues that brandishing is not a crime of violence under § 924(c) because it "proscribes a broader range of conduct than federal

---

categorical approach in determining whether each qualifies as a crime of violence. *See United States v. Jenkins*, 719 F. App'x 241, 244–46 (4th Cir. 2018) (using categorical approach for § 18.2–51); *United States v. James*, 718 F. App'x 201, 202 (4th Cir. 2018) (same); *Simmons*, 2018 WL 6012368, at *9 (using categorical approach for §18.2–282).

law and a defendant can be convicted of brandishing a firearm under state law in the absence of the use or threatened use of physical force." (Reply 11 (citation omitted).) The Court concedes that at least two district courts in Virginia have agreed with this position. *See United States v. Anthony*, No. 4:18–cr–00012, 2019 WL 3307845, at *7–9 (W.D. Va. July 23, 2019); *Simmons*, 2018 WL 6012368, at *9. However, these cases are factually and procedurally distinct from McCall's case and do not require a similar conclusion here.

In *Anthony*, the underlying VICAR predicate alleged *solely* a violation of Va. Code Ann. § 18.2–282. *See Anthony*, 2019 WL 3307845, at *7 (explaining that "the indictment charges the VICAR assault with a dangerous weapon committed in violation of Va. Code Ann. § 18.2–282, Virginia's misdemeanor brandishing statute. The indictment does not cross reference Virginia's malicious wounding . . . statute"). Here, the Superseding Indictment alleged violations of Va. Code Ann. 18.2–282 *and* §18.2–51, which the Court already has concluded is a valid predicate offense. In *Simmons*, the court again only was faced with a challenge to the scope of Va. Code Ann. § 18.2–282 as a predicate offense. *Simmons*, 2018 WL 6012368, at *7. The court noted: "The Government contests Defendants' characterization of the elements of Code § 18.2–282, but it fails to alternatively argue/demonstrate that § 18.2–53 is both applicable and sufficient to satisfy the § 924(c)(3)(A) force clause. Accordingly, the Court limits its analysis to the § 18.2–282 issue briefed by the parties." *Id.* Thus, neither case compels this Court to conclude that simply because Va. Code Ann. § 18.2–282 may not be a predicate crime of violence, McCall's § 924(c) conviction in Count Four is necessarily

invalid. However, the Court need not decide here whether Va. Code Ann. § 18.2–282 is a valid crime of violence or whether one valid predicate can support a § 924(c) conviction when the other may be invalid, because McCall also was charged with conspiring to commit these offenses.

Section § 18.2–22 of the Virginia Code provides:

> If any person shall conspire, confederate or combine with another, either within or without this Commonwealth, to commit a felony within this Commonwealth, or if he shall so conspire, confederate or combine with another within this Commonwealth to commit a felony either within or without this Commonwealth, he shall be guilty of a felony . . . .

Va. Code Ann. § 18.22 (West 2019). This statute is indivisible and would require the categorical approach and would only allow the Court to look to the facts of the conviction and elements of the offense. Standing alone, § 18.2–22 has no explicit element that requires the use, attempted use, or threatened use of physical force against the person of another. However, this statute "does not fully define the criminal act" and "[b]efore one may be convicted of a conspiracy charge, it must always be asked: "conspiracy to do what?" *United States v. Ward*, 171 F.3d 188, 192 (4th Cir. 1999). Thus, in the context of a sentencing court attempting to ascertain whether a prior felony would qualify for a sentencing enhancement, "a sentencing court can go beyond the general elements of a criminal conspiracy statute to determine whether a violent felony was the object of the conspiracy. When presented with a prior conviction for conspiracy, a sentencing court can determine the object of the conspiracy from the record of conviction, the charging document, and the jury instructions." *Id.* at 193. Thus, in order to make a determination of whether a conspiracy conviction under Virginia law is a crime of violence, the Court

must look beyond the elements of the conspiracy statute, and in essence, use a modified categorical approach.

The Government argues that "in the context of this case," the Virginia conspiracy statute, Va. Code Ann. § 18.2–22,

> did not serve as an independent VICAR predicate. Indeed, it could not; conspiracy to commit assault is not the same offense as substantive assault, and VICAR conspiracies to commit assault with a dangerous weapon are punished under 18 U.S.C. § 1959(a)(6), an altogether different provision. Instead, in the context of this case, the inclusion of the state conspiracy statute in the charging instrument put the defendant on notice that he might be vicariously liable for assault with a dangerous weapon committed by his co-conspirators. *See United States v. Blackmon*, 746 F.3d 137, 142 (4th Cir. 2014) (affirming application of co-conspirator liability for a § 924(c) offense under *Pinkerton v. United States*, 328 U.S. 640 (1946), in part because the indictment charged the defendant with a conspiracy offense and put the defendant on notice that he could be *Pinkerton*-liable for others' conduct).

(Supp'l Mem. 8.) However, the potential that McCall may have been found guilty by the jury based on co-conspirator liability is precisely why the Virginia offenses may not serve as valid predicate violent felonies for § 924(c) in this case.

A review of the charging Superseding Indictment and jury instructions establishes that the jury may have found McCall guilty of VICAR based on conspiracy liability. The Superseding Indictment charged the VICAR offense (Count Three), that served as the predicate for the § 924(c) offense at issue here (Count Four), as follows:

> On or about March 14, 2009, in the Eastern District of Virginia and elsewhere within the jurisdiction of this Court, the defendants ... [including] HARRY RHYNE MCCALL ..., aided and abetted by each other ... and for the purpose of gaining entrance to, and maintaining and increasing position in, an enterprise engaged in racketeering activity, namely, the Outlaws, did commit assault with a dangerous weapon against certain members of the Desperados Motorcycle Club in violation of the laws of Virginia, specifically, Va. Code Ann. §§ 18.2–22, 18.2–51, and 18.2–282.

13

(ECF No. 385, at 43.) The jury instructions related to Count Three provided, in relevant part:

> In order for you to find the defendant guilty of the offense charged in Count 3, the government must establish each of the following six elements beyond a reasonable doubt:
>
> . . . .
>
> First: That an enterprise existed, as alleged in the indictment;
> Second: That the enterprise was engaged in or affected interstate or foreign commerce;
> Third: That the enterprise was engaged in racketeering activity;
> Fourth: That the defendant had or was seeking a position in the enterprise;
> Fifth: That the defendant committed or aided and abetted in the commission of the alleged crime of violence; and
> Sixth: That the defendant's general purpose in committing the crime of violence was to maintain or increase his position in the enterprise.
>
> The first four elements the government must prove beyond a reasonable doubt have already been explained to you in Instructions 24, 25, 30, 35, and 39.[]
>
> The fifth element that the government must establish beyond a reasonable doubt is that the defendant committed or aided and abetted in the commission of the alleged crime of violence - in this case, assault with a dangerous weapon, *or a conspiracy to commit such assault*, in violations of Sections 18.2–51 and 18.2–282 of the Code of Virginia. *It is sufficient if the government establishes that the defendant violated or conspired to violate either of these statutes.*
>
> An assault in violation of Section 18.2–51 consists of three essential elements:
>
> First: That the defendant shot, stabbed, cut, or wounded a person, or by any means caused him bodily injury;
> Second: That the defendant did so with intent to maim, disfigure, disable, or kill that individual; and
> Third: That defendant did so with a dangerous weapon.
>
> An assault in violation for Section 18.2–282 also consists of three essential elements:
>
> First: That a person pointed, held, or brandished a firearm;
> Second: That he did so in such a manner as to reasonably induce fear in the mind of another being shot or injured; and
> Third: That he did so while not engaged in excusable or justifiable self-defense.

14

> *Because Count 3 charges the defendants with conspiracy to violate Sections 18.2-51 or 18.2-282, the alleged assault need not have been actually committed. It is enough if the government proves beyond a reasonable doubt, that the defendant joined an agreement to commit the assault.*

(ECF No. 1197-1, at 48–47 (emphasis added) (as paginated by CM/ECF).) Thus, the jury instructions clearly provided that McCall could be found guilty of violating the Virginia statutes that formed the basis for Count Three on a conspiracy liability basis.

Recently, the Fourth Circuit determined that conspiracy to commit a crime is insufficient to satisfy the Force Clause. *See United States v. Simms*, 914 F.3d 229 (4th Cir. 2019). In *Simms*, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). 914 F.3d at 232–33. Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

*Id.* at 233–34 (citations to the parties' material omitted). Here, the Government was not required to prove that McCall actually committed the assault with a dangerous weapon under Virginia law. Rather, the jury instructions specifically provided: "[T]he alleged assault need not have been actually committed. It is enough if the government proves beyond a reasonable doubt that the defendant joined in an agreement to commit the

15

assault." (ECF No. 1197-1, at 47.) As the Court explained in *Simms*, joining in an "agreement does not invariably require the actual, attempted, or threatened use of physical force." 914 F.3d at 234. Because of the inclusion of Va. Code Ann. § 18.2-22 in the Superseding Indictment and in the jury instructions, McCall's liability in Count Three could have been based on committing assault with a dangerous weapon by either unlawful or malicious wounding or brandishing or conspiring to commit those offenses. Conspiring to commit the crimes of malicious or unlawful wounding and brandishing does not necessarily require the use, attempted use, or threatened use of physical force that is required as a predicate for a conviction under § 924(c). After *Simms*, Count Three no longer serves as a valid predicate violent felony to sustain McCall's conviction for Count Four. Accordingly, Count Four must be vacated.

### III. CONCLUSION

The Government's Motion to Dismiss (ECF No. 1170) will be denied. The § 2255 Motion (ECF No. 1166) will be granted. McCall's Motion for Leave to File (ECF No. 1195) will be granted and the Reply (ECF No. 1195-2) will be deemed timely filed. McCall's conviction and sentence on Count Four will be vacated. Within fourteen (14) days of the date of entry hereof, the parties shall file their position as to whether the Court needs to conduct a full resentencing or may simply enter a corrected judgment.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Sept 24 2019
Richmond, Virginia

16